STEPHEN C. HARRIS *et al. vs.* ARCHER GREENE *et al.*

JUNE 20, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Wills. Trusts. Time of Dividing Trust Estate.*

Testamentary provision "when the youngest child of my youngest son shall have reached the age of 21 years, then my said trustees are to divide, distribute and convey as in their judgment they shall deem best all said business capital . . . equally to said male children and daughters born subsequent to the date of this will, the children of any deceased child taking his proportionate share of his fathers and mothers realty and personalty."

*Held,* that the time for division and distribution of the trust estate was postponed until it was no longer possible for the youngest son of the testator to have children and his then youngest child reached the age of 21 years.

BILL IN EQUITY for construction of will. Certified from Superior Court for determination.

SWEETLAND, C. J. This is a bill in equity brought by the trustees under the will of Rufus Greene, late of Providence,

deceased, praying for the construction of said will and for instruction relating thereto. The cause being in the Superior Court ready for hearing for final decree has been certified to this court for determination.

By the eighth clause of said will the testator provided for the distribution of the income arising from certain property placed in trust for the benefit of his wife and sons, and then directed as follows: "And when the youngest child of my youngest son shall have reached the age of twenty-one years, then my said Trustees are to divide, distribute and convey as in their judgment they shall deem best all said business capital, realty, profits, dividends and earnings equally to said male children and daughters born subsequent to the date of this will, the children of any deceased child taking his proportionate share of his fathers and mothers realty and personalty." The testator had six sons who survived him. One of said sons has since died leaving issue and three have died without issue. Two sons, Archer Greene and Howard Greene, are now living. No child was born to the testator subsequent to the date of said will. Howard Greene is the youngest son of the testator and is now fifty-one years old. The youngest child of said Howard is one Richard D. Greene, who became twenty-one years of age on November 22, 1921.

Because said Richard D. Greene has reached the age of twenty-one years request has been made that the trustees now make a division of said trust estate under the provisions of the eighth clause of said will quoted above. Said trustees, however, doubt their authority to make division as requested and have brought this bill for the construction of said clause and for instruction. The trustees propound the following questions in their bill: "(a) Did the time for the distribution of the estate, provided for in the quoted paragraph of the eighth clause, arrive when Richard D. Greene, the youngest son of Howard Greene, became twenty-one years of age, that is to say on November 22nd 1921? or (b) Is the distribution of the estate under the

provisions of said paragraph to be postponed until it is no longer possible for the said Howard Greene to have children and his then youngest child reaches the age of twenty-one?"

In the construction of all testamentary provisions the intention of the testator if it can be ascertained must govern. Such intention of necessity will be sought in the language of the provision, and nothing is to be inferred save what is a necessary implication. The testator clearly provided that the time of division and distribution of the trust fund in question should be "when the youngest child of my youngest son shall have reached the age of twenty-one years." Richard D. Greene is at present the youngest, and as far as has been made to appear perhaps also the oldest child, of Howard Greene, the testator's youngest son. Does Richard D. Greene answer the description of the youngest child of Howard Greene within the meaning of that phrase in said provision. The law presumes that Howard Greene is capable of having children until his death, and until that event it can not be determined as to who will be his youngest child. In the absence of a specific provision to that effect the testator can not be assumed to have meant the youngest child of his youngest son at any particular point of time during the life of that son but the youngest child absolutely and without qualification. Question would have arisen as to the time of division and distribution if Howard Greene had died without having had issue or if his youngest child should not live to attain the age of twenty-one years. Neither situation has arisen and such questions are not before us; but the possibility that either may arise should not, in our opinion, lead us to the conclusion that the time for division was reached when Richard D. Greene attained his majority.

It has been suggested to us that the testator should not be presumed to have intended that the division of the estate held in trust might be postponed until twenty-one years after the death of the testator's youngest son and possibly

until twenty-one years after the death of the survivor of all his sons. That is the effect of the testator's language in creating the trust. If we were permitted to conjecture as to his intention we might consider it as by no means improbable that the very result suggested to us was within the contemplation and intention of the testator. This will has been before the court on two previous occasions for the construction of certain provisions other than the one now before us. In *Robinson* v. *Greene*, 14 R. I. 181, the court, at page 188, said regarding the purpose of the testator: "Apparently, if we look into the will at large, the purpose of the trust was to tie up the property for the beneficiaries, giving them the rents and profits, and putting the *corpus* or principal beyond their control. In the case of the sons the property is so tied up until the youngest son of the youngest son attains his majority, the apparent purpose being to postpone the period of distribution to a distant future."

In *Robinson* v. *Greene*, 17 R. I. 771, the court was considering the provisions of the will as to the time of distribution of a certain estate held in trust for the benefit of the testator's daughters and the descendants of deceased daughters. The court found the provision to be in itself ambiguous, and the court was forced to consider other provisions of the will for the purpose of ascertaining its meaning. Among other provisions from which the court derived assistance was that in which the testator provided that said trust property should be divided and distributed "equally among said daughters and the children or grandchildren of deceased daughters share and share alike." From this the court said, "It is clear that he did not mean to postpone the division to the limit of a perpetuity, for what follows in the very clause in question provides for a division among living daughters." In the clause now under consideration the testator provides that at the time of division the trustees shall divide, distribute and convey the trust property "equally to said male children and daughters

born subsequent to the date of the will, the children of any deceased child taking his proportional share of his fathers and mothers realty and personalty." It has been suggested to us that applying the reasoning of the court in *Robinson* v. *Greene*, 17 R. I. 771, we should find in the somewhat similar language of the provision before us an intention to divide among living sons. Such finding might be of assistance if the time of distribution was doubtful. To this suggestion it should be said that we are not in the former position of the court. We are not called upon to construe an ambiguity. The time of division is plainly fixed, and the purpose of the testator was to delay division until that time. If any of his sons are then alive he intended that they shall share in such distribution together with daughters then alive, born subsequent to the date of the will, and with the children of deceased sons and deceased daughters, who were born subsequent to the date of the will. Only to that extent do we find the intent of a division among living sons of the testator.

Answering the request of the trustees for instruction we say that the time for division and distribution of said trust estate did not arrive when Richard D. Greene became twenty-one years of age, and that division and distribution is to be postponed until it is no longer possible for Howard Greene to have children, and his then youngest child reaches the age of twenty-one years.

On July 3, 1922, the parties may present a form of decree in accordance with this opinion.

*Henshaw & Sweeney*, for complainants and respondents.